KLEIN, J.
Appellant, who was employed as a service adviser by an automobile dealer, was convicted of theft as a result of repairing a customer’s car “on the side” at the dealership. He argues that it was not a crime, but we disagree.
The customer called Steve Barnett Auto Sales, a Cadillac dealer, inquiring about the cost of having the air conditioner blower motor of her Cadillac repaired. Appellant advised her that it would cost $425. She complained about the cost, and appellant responded that he could do it for $250 cash. She made an appointment, brought the car in, and after the repair was completed gave appellant $250 in cash. She asked for a receipt and a guaranty on the work, but he responded that for that price she would get neither.
The actual repair was made by a mechanic who owned his own tools and worked on commission for the dealer. He performed the repairs at the dealership, but used no parts belonging to the dealer *512 ship. He and appellant split the $250 the customer paid. The dealer would have charged $110 for labor to install a new blower motor, and the mechanic’s commission would have been $30. The dealer would have charged $300 for the motor itself.
Appellant was charged with grand theft, but convicted only of petit theft, apparently because his counsel persuaded the jury that the dealer was only out the amount the dealer would have received for the labor.
We do not agree with appellant that what occurred in this case did not constitute a theft. Our theft statute, section 812.014(1), Florida Statutes (1999), defines theft as obtaining or using the property of another with the intent to deprive the person of a right to the property. The definition of property found in section 812.012(4)(c) includes “services.” Depriving the dealer of the amount it should have received from the labor was a theft.
We have considered the other issues raised by appellant and find them to be without merit. Affirmed.
POLEN, C.J., and STEVENSON, J., concur.